Matter of 3750 Monroe Ave. Assoc., LLC v New York State Dept. of Envtl. Conservation (2025 NY Slip Op 01460)

Matter of 3750 Monroe Ave. Assoc., LLC v New York State Dept. of Envtl. Conservation

2025 NY Slip Op 01460

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

mem
ad4
Matter of 3750 Monroe Ave. Assoc., LLC v New York State Dept. of Envtl. Conservation
2025
ny
01460
60 TP 24-01100
This opinion is uncorrected and subject to revision before publication in the printed Official Reports.
Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department
62
CA 24-00766 [*1]IN THE MATTER OF 3750 MONROE AVENUE ASSOCIATES, LLC, PETITIONER-PLAINTIFF-APPELLANT,
V MEMORANDUM AND ORDER
v
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, RESPONDENT-DEFENDANT-RESPONDENT.
WOODS OVIATT GILMAN LLP, ROCHESTER (DONALD W. O'BRIEN, JR., OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BRIAN LUSIGNAN OF COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT.
Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Vincent M. Dinolfo, J.), entered December 20, 2023. The order and judgment denied the petition, and granted the motion of respondent-defendant to dismiss the petition-complaint.
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this hybrid CPLR article 78 proceeding and declaratory judgment action, petitioner-plaintiff (petitioner) appeals from an order and judgment granting the motion of respondent-defendant New York State Department of Environmental Conservation (DEC) to dismiss the petition-complaint on the ground that petitioner failed to exhaust its administrative remedies. We affirm.
An applicant accepted into the Brownfield Cleanup Program "must enter into [a Brownfield Cleanup Agreement (BCA)] with [the] DEC to conduct an investigation to assess the nature and extent of contamination at the brownfield site . . . , and must devise and carry out a remedial program that [the] DEC judges to be protective of public health and the environment" (Matter of Lighthouse Pointe Prop. Assoc. LLC v New York State Dept. of Envtl. Conservation, 14 NY3d 161, 166 [2010] [internal quotation marks omitted]; see ECL 27-1409, 27-1411, 27-1415 [1], [2]). The BCA must include a provision "authorizing the [DEC] to terminate [the BCA] at any time during the implementation of such agreement if the applicant implementing such agreement fails to substantially comply with such agreement's terms and conditions" (Campus Sq., LLC v North-Ellicott Mgt., Inc., 229 AD3d 1332, 1337 [4th Dept 2024] [internal quotation marks omitted]; see ECL 27-1409 [5], [12]). The BCA will terminate 31 days after the effective date of the DEC's written notice of its intent to terminate "unless the remedial party: (i) seeks dispute resolution within 15 days of the effective date of the notice; or (ii) cures the deficiency within the 30-day period after the effective date of the notice" (6 NYCRR 375-3.5 [c] [2]).
Here, petitioner was accepted into the DEC's Brownfield Cleanup Program and entered into a BCA with respect to the site. Subsequently, the DEC sent petitioner notice of its intent to terminate the BCA based on petitioner's failure to comply with the DEC's requirement that petitioner provide financial assurance for the anticipated future removal of contaminants from underneath the building on the site. Petitioner failed to initiate a dispute resolution proceeding in response to the DEC's termination notice and, instead, commenced this proceeding seeking, inter alia, reinstatement of the BCA. Inasmuch as petitioner failed to exhaust its administrative remedies, Supreme Court properly granted the DEC's motion (see Matter of Town of Cambria v New York Off. of Renewable Energy Siting, 228 AD3d 1336, 1341 [4th Dept 2024], lv denied 42 [*2]NY3d 912 [2025]; PLP, II LP v New York State Dept. of Envtl. Conservation, 68 AD3d 1709, 1710 [4th Dept 2009], lv denied 14 NY3d 707 [2010]; see generally Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court